UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY McNAIR,

        Plaintiff,

-against-

HARLEM HOSPITAL MEDICAL
DIRECTOR; CEO JANE/JOHN DOE,
HARLEM HOSPITAL RONALD H. BROWN
BLDG.; PSYCHIATRIST DR. ADESOKAN,

        Defendants.

19-CV-0203 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, asserting that Defendants denied him medications for his mental illness. On May 17, 2019, the Court dismissed the complaint but granted Plaintiff thirty days' leave to submit an amended complaint. On June 13, 2019, Plaintiff filed an amended complaint. The Court dismisses the amended complaint for the reasons set forth below.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case as summarized in the Court's May 17, 2019 order. Before his incarceration, Plaintiff had obtained anxiety and antipsychotic medications from Harlem Hospital, but since his release from prison in March 2018, administrators and doctors at Harlem Hospital have "deliberately denied him those medications" despite their awareness of his mental illness. (ECF No. 2 at 5.)[1] Plaintiff claimed

---

[1] Citations to the complaint refer to the pagination generated by the Court's electronic case filing system (ECF).

that as a result of being off his medications, he was hospitalized at several other hospitals "for suicidal [] and homicidal ideations." (*Id.*) He filed the complaint seeking an order directing Defendants to provide him with "psychotropic medications" and monetary damages. (*Id.* at 5-6.)

In the May 17, 2019 order, the Court determined that Plaintiff's assertions that the Harlem Hospital Defendants denied him medications for his mental illness were insufficient to state a constitutional claim as he did not have a general right to medical care, and he failed to allege the existence of a special custodial or other relationship between himself and Defendants that would suggest an obligation on their part to provide him medications. (ECF No. 5, 6.) The Court further dismissed Plaintiff's claims under the ADA and the Rehabilitation Act because he failed to allege any facts suggesting that Defendants failed to reasonably accommodate his disability or denied him access to services because of that disability. (*Id.* at 7.) But in an abundance of caution, the Court granted Plaintiff leave to submit an amended complaint alleging any facts showing that a special relationship existed between him and the Defendants that created an obligation on their part to provide him psychotropic medications. Plaintiff was also granted leave to assert sufficient facts to support a disability discrimination claim under the ADA and the Rehabilitation Act by identifying the nature of his disability and providing any facts suggesting that the defendants discriminated against him because of that disability.

Plaintiff filed an amended complaint on June 13, 2019. In it, he reiterates the same assertions – that because Defendants were aware of his mental illness and he previously received treatment and obtained medications from Harlem Hospital before his incarceration, he had a special relationship with the hospital entitling him to receive psychotropic medications and treatment. (*See* ECF No. 6.)

**DISCUSSION**

The amended complaint is dismissed for the reasons set forth in the May 17, 2019 order of dismissal. Plaintiff's assertions that the Harlem Hospital Defendants denied him medications for his mental illness are insufficient to state a constitutional claim because he does not have a general right to medical care, and he fails to allege the existence of a special custodial or other relationship between himself and Defendants that would suggest an obligation on their part to provide him medications. S*ee, e.g., Henry v. New York City Hosp. & Health Corp.*, ECF 1:00-CV-2537, 7, 2000 WL 858345, at * 1 (S.D.N.Y. June 28, 2000) (an individual who was not incarcerated at the time of his treatment could not assert constitutional claims stemming from medical treatment he received at Harlem Hospital and Bellevue Hospital). Plaintiff also fails to assert facts suggesting disability discrimination claims under the ADA and the Rehabilitation Act. Plaintiff's amended complaint is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 20, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge